UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TY-POET BAGGETT, )
)
      Plaintiff, )
)
v. ) No.: 3:04-CV-316
) (VARLAN/GUYTON)
SCHWAN'S HOME SERVICE, INC., )
)
      Defendant. )

## MEMORANDUM OPINION

This civil action is before the Court on defendant's Motion for Summary Judgment [Doc. 26]. Plaintiff filed a complaint in Hamblen County Circuit Court alleging defendant discharged him from his employment in retaliation for exercising his rights under Tennessee's workers' compensation statute. Defendant removed the case to this Court on the basis of diversity jurisdiction.

Plaintiff is an individual citizen residing in Sevier County, Tennessee, and defendant is a corporation organized pursuant to the laws of Minnesota with its principal place of business in Minnesota. The amount in controversy exceeds $75,000. Therefore, jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

In its motion for summary judgment, defendant contends that plaintiff has failed to present evidence of a causal link between plaintiff's filing of a workers' compensation claim and his discharge. Even if plaintiff could establish such a link, defendant argues that the undisputed facts show that it discharged plaintiff for failing to disclose previous criminal

convictions on his employment application in violation of defendant's employment policy. Plaintiff responds by arguing that there is strong circumstantial evidence pointing to a causal link between the workers' compensation claim and the discharge. Therefore, applying the summary judgment standard, plaintiff argues there is a genuine dispute of material fact as to whether plaintiff was discharged for filing a workers' compensation claim.

For the reasons discussed below, defendant's motion for summary judgment will be denied.

**I.     Summary Judgment Standard**

Under Rule 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *See id.*

The judge's function in considering a motion of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *See id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

**II.     Relevant Facts**

Plaintiff completed an application for employment with defendant at defendant's Morristown, Tennessee, facility. [Doc. 26, Exh. 1B]. In that application, plaintiff was asked whether he had any prior criminal convictions, to which plaintiff responded in the negative. [*Id.*]. The application questionnaire contained a notice that defendant had a policy against employing individuals who did not respond truthfully on the application and omissions, misleading statements or incorrect answers would be cause for discharge. [*Id.* at 5]. After receiving the application and conducting interviews, defendant conditionally offered plaintiff a position. [Doc. 26, Exh. 1 at 2; *see also* Doc. 26, Exh. 1C]. In making its conditional offer, defendant notified plaintiff that it would conduct a criminal background check within 90 days of plaintiff's hire date. [Doc. 26, Exh. 1C]. If a criminal background report was unsatisfactory during that time period, plaintiff could be discharged. [*Id.*]. Plaintiff began work as a Route Sales Driver for defendant on Janaury 10, 2003. [Doc. 26, Exh. 1 at 2].

3

Defendant requested that an outside investigator conduct the criminal background investigation on or about January 13, 2003. [*Id*.].

Despite his negative response on the application, plaintiff did, in fact, have prior criminal convictions, including an outstanding warrant, in Florida. [Doc. 26, Exh. 2A]. Plaintiff claims he disclosed his criminal history to defendant during a conversation with his supervisor, Danny Garland, and that Mr. Garland made plaintiff "feel very comfortable about the situation," but Mr. Garland does not recall such a conversation. [Doc. 31, Exh. 1 at 34; Doc. 31, Exh. 6 at 46].

In any event, plaintiff performed his duties without incident until May 2003. On or about May 27, 2003, plaintiff claims he suffered a work-related back injury. [Doc. 26, Exh. 1 at 3]. He reported the injury to defendant using a handheld data device at the end of his shift. [Doc. 26, Exh. 3 at 47]. Plaintiff notified his supervisor, Mr. Garland, the following day. [*Id*. at 47-48]. At some point, plaintiff sought compensation from defendant for his work-related injuries pursuant to Tennessee's workers' compensation statutes.

Defendant's Workers' Compensation Administrator, Eva Bruns, is responsible for coordinating the workers' compensation process from the first report of an injury. [Doc. 26, Exh. 2 at 1]. She reviews the claims and personnel files of all those employees who report a work-related injury in the Great Lakes and Southeast regions. [*Id*.] Upon plaintiff's reported injury, Ms. Bruns began an investigation into plaintiff's claim, which included a review of plaintiff's personnel file. [*Id*. at 2]. During this investigation, Ms. Bruns reviewed the results of the criminal background check that had been requested on or about Janaury 13,

4

2003. [*Id.* at 2 (citing Doc. 26, Exh. 2A)]. The criminal background check revealed plaintiff's criminal history in Florida. [Doc. 26, Exh. 2A]. Ms. Bruns also discovered that plaintiff had failed to obtain a "valid DOT physical card," which is required of employees with plaintiff's duties. [Doc. 26, Exh. 2 at 2].

Ms. Bruns reported these breaches of defendant's employment policies to the former Regional Human Resources Manager, Cindy Jensen. [*Id.*]. On or about June 13, 2003, Ms. Jensen, in turn, notified Mr. Garland that plaintiff was to be discharged based on plaintiff's misrepresentation of facts in his employment application. [Doc. 31, Exh. 7 at SHS000280]. That same day, Mr. Garland notified plaintiff that he was discharged for providing false information on company records at the end of plaintiff's shift. [*See* Doc. 31, Exh. 3 at SHS000033-34].

Plaintiff contends that his discharge was the result of his filing the workers' compensation claim. [Doc. 1]. Defendant denies that allegation and has filed the instant motion for summary judgment contending there is no genuine issue of material fact in dispute and that defendant is entitled to judgment as a matter of law. [Docs. 26, 34].

**III. Analysis**

In Tennessee, an employee who asserts a claim for retaliatory discharge for filing a workers' compensation claim has the burden of establishing four *prima facie* elements: (1) that he was an employee at the time of the injury; (2) that he made a claim against the employer for workers' compensation benefits; (3) that his employment was terminated; and (4) that the claim for workers' compensation was a substantial factor in the employer's

decision to discharge the employee from his employment. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558-59 (Tenn. 1993).

Once an employee establishes the "causal relationship" between the claim and the discharge, the burden shifts to the employer to show "a legitimate, non-pretextual reason for the employee's discharge." *Id.* at 559 (quoting 2A A. Larson, *The Law of Workmen's Compensation* § 68.36(d) (1990)). Upon such a showing by an employer, the burden shifts back to the employee to demonstrate pretext. *See Eddins v. Geneva Pharm., Inc.*, 877 F.Supp. 413, 423 (E.D. Tenn. 1994) (citing *Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1164 (8th Cir. 1985) (quotation omitted))). *See also Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 314 (6th Cir. 1989).

The employee may establish the causal relationship by either direct or compelling circumstantial evidence. *See Thomason v. Better-Bilt Aluminum Prod., Inc.*, 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992), *cited in Vaughn v. Food Lion, LLC*, No. 3:04-CV-277, 2005 WL 1648189, at *3 (E.D. Tenn. July 8, 2005). Circumstantial evidence "proves a fact from which an inference of the existence of another fact may be drawn." *See Vaughn*, 2005 WL 1648189, at *3 (quoting *Thomason*, 831 S.W.2d 291). "It is well established that facts in civil cases may be established on circumstantial evidence alone." *Roberts v. Scholl, Inc.*, No. 03A01-9410-CV-00370, 1995 WL 424665 (Tenn. Ct. App. Dec. 11, 1995).

Turning to the present case, plaintiff has established, and defendant does not dispute, the first three *prima facie* elements. Plaintiff was an employee of defendant at the time of

6

his injury. Plaintiff made a claim against defendant for worker's compensation benefits. Plaintiff's employment was terminated by defendant.

Defendant, however, does dispute that plaintiff has established that his filing of a worker's compensation claim was a substantial factor in his discharge. Defendant contends that plaintiff has failed to present any evidence of such a causal relationship because plaintiff was terminated for a legitimate, non-pretextual, non-retaliatory reason. Specifically, defendant discharged plaintiff for failing to report his prior criminal convictions on his employment application in violation of defendant's policy.

While plaintiff does not dispute that his answers on the application were inaccurate, he does argue that other circumstances suggest his discharge was the result of his filing a workers' compensation claim. Specifically, he contends that he disclosed his prior convictions to his supervisor, Danny Garland, and Mr. Garland "made [him] feel very comfortable about the situation." [Doc. 31, Exh. 1 at 34]. Mr. Garland, however, does not recall such a conversation taking place. [Doc. 31, Exh. 6 at 46]. Plaintiff also points to the timing of the discharge, which came only after the filing of the worker's compensation claim even though defendant had the results of the criminal background for months prior to the discharge. [*See* Doc. 31 at 4 (citations omitted)]. Defendant attempts to explain the timing by pointing to some problem in the receipt and processing the results of the criminal background check that prevented defendant from becoming aware of it until it began its inquiry into plaintiff's worker's compensation claim. [*See* Doc. 34 at 2-3 (citations omitted)].

7

Viewing the evidence in the light most favorable to the plaintiff, it is clear that plaintiff has presented evidence upon which a reasonable jury could find in his favor as to each element of his claim and there are genuine issues of material fact in dispute. Whether plaintiff will actually prevail in his claim, however, depends upon the credence one attaches to the conflicting testimony regarding the circumstances surrounding plaintiff's discharge. Such a determination of the credibility of witnesses is for the jury alone. Therefore, because there are genuine issues as to material facts in dispute, defendant is not entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

**IV.    Conclusion**

A motion for summary judgment may only be granted where there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. In a retaliatory discharge case, the employee must establish four *prima facie* elements, including a causal link between the filing of a worker's compensation claim and the discharge. In the present case, viewing the evidence in the light most favorable to plaintiff, there are genuine issues of material fact in dispute as to whether there is a causal relationship between plaintiff's filing of a worker's compensation claim and his discharge by defendant. Therefore, defendant's motion for summary judgment will be denied.

ORDER ACCORDINGLY.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE

8

Case 3:04-cv-00316   Document 39   Filed 10/19/05   Page 8 of 8   PageID #: 64