UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TY-POET BAGGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-316 |
| ) | (Varlan/Guyton) |
| SCHWAN'S HOME SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 46] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the Defendant's Motion to Quash Subpoena. [Doc. 42]. The undersigned conducted a telephonic hearing on this motion on October 28, 2005. Participating on behalf of the plaintiff were attorneys Jason Arthur and Larry Roberts. Participating on behalf of the defendant were attorneys Kelli Thompson and Sheha Channabasappa.

The defendant moves, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash plaintiff's trial subpoena, which was served on October 24, 2005. The subpoena at issue requires Randy Garland, Schwan's General Manager, to produce to the plaintiff certain financial documentation on the first day of trial, November 1, 2005. The defendant objects, arguing that the subpoena constitutes an improper discovery request beyond the discovery deadline set by the Court. [Doc. 42]. In his response, the plaintiff argues that the subpoena is not a discovery request, in that the documentation sought is not intended for use as discovery, but rather as exhibits for the

impending trial. The plaintiff contends that the fact that this information could have been requested prior to the discovery deadline does not preclude the plaintiff from issuing a subpoena to have the defendant produce this information at trial. The plaintiff also argues that had this information been requested prior to the close of the discovery, the information produced would have been outdated and inaccurate. [Doc. 48].

At the hearing, plaintiff's counsel conceded that no attendance fee or mileage allowance was tendered to Mr. Garland, as required by Fed. R. Civ. P. 45(b)(1). Counsel further conceded that the purpose of serving the trial subpoena on Mr. Garland was for the production of financial documents which had never been requested during discovery.

It does not appear that the Sixth Circuit has squarely addressed the issue of whether a Rule 45 subpoena may be properly served on a party. District courts are divided on the issue. Some courts have held that Rule 45 subpoenas apply only to non-parties and that documents sought from parties must be requested pursuant to Rule 34. See Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562, 564 (W.D.N.C. 2002) (discussing cases). Other courts, however, have determined that a Rule 45 subpoena may be served on both parties and non-parties. See First City, Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 255 n.5 (S.D.N.Y. 2000), aff'd 281 F.3d 48 (2d Cir. 2002); Badman v. Stark, 139 F.R.D. 601, 603 (M.D. Pa. 1991). Indeed, even two of the leading treatises on federal civil procedure hold different views on the issue. See Mortgage Information, 210 F.R.D. at 564 (noting conflicting views of Moore's Federal Practice and Wright & Miller's Federal Practice and Procedure).

Assuming, without deciding, that a Rule 45 subpoena may be served on a party, the Court finds that the subpoena served on the defendant's employee in this case constitutes a discovery

2

request and is therefore subject to the discovery deadline set forth in the Court's Scheduling Order [Doc. 13]. "Rule 45 Subpoenas, which are intended to secure the pre-trial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." See Dreyer v. GACS Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001) (quoting Marvin Lumber and Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 443 (D. Minn. 1997)).[1]

The documents sought by the Garland subpoena relate to the defendant's current financial condition, information which is relevant to the plaintiff's punitive damage claims. While the plaintiff could have requested this information months ago before the close of discovery, the plaintiff made no attempt to do so. The plaintiff argues that requesting such information would have been futile because it would have been stale by the time of trial. The Court finds this argument to be specious. Information relevant to a party's current financial condition is routinely requested in discovery, and a responding party is under a duty to seasonably supplement its responses. See Fed. R. Civ. P. 26(e). Thus, had such financial information been timely requested, the defendant would have been obligated to provide the most updated financial information to the plaintiff prior to trial.

---

[1] Of course, there may be times when a Rule 45 subpoena is properly served on an opposing party, such as when a party seeks to secure the production at trial of original documents that were previously disclosed in discovery. See Mortgage Information Services, 210 F.R.D. at 565-66; Rice v. United States, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995). It is undisputed in the present case that the subject documents were never sought through the discovery process; accordingly, this exception is inapplicable.

3

The Court finds that the subpoena served on Mr. Garland constitutes an improper and untimely discovery request. Accordingly, the Court finds the defendant's motion to quash to be well-taken.[2]

Even if the subpoena were not quashed, the Court notes that the subpoena would likely be ineffective, as there is no evidence that Mr. Garland is the custodian of the requested records, nor is there any evidence that any of the requested records are in his possession.

For the foregoing reasons, Defendant's Motion to Quash Subpoena [Doc. 42] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

   s/ H. Bruce Guyton   
United States Magistrate Judge

---

[2]The plaintiff also conceded during the hearing that the requisite mileage reimbursement and attendance fee were not tendered at the time of service, as required by Rule 45(b)(1). While not a grounds raised by the defendant in its motion, the Court notes that this would also serve to justify quashing the subpoena in this case.